United States District Court
Southern District of Texas
**ENTERED**
June 16, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GREGORY MICHAEL KLAPESKY, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-00142 |
| | § | |
| TEXAS BOARD OF PARDONS AND PAROLES, | § | |
| | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Gregory Michael Klapesky is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") and is currently incarcerated at the McConnell Unit in Beeville, Texas. On May 19, 2020, Klapesky filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241, claiming that he is not in custody pursuant to a state judgment and that the TDCJ is violating his due process rights by keeping him in custody. (D.E. 1, 2). Klapesky contends that his life sentence ceased to operate after 30 years of combined calendar time and good-time credit. For the reasons discussed further below, it is recommended that Klapesky's petition be dismissed prior to service pursuant to the screening provisions of Rule 4 of the Rules Governing Section 2254 Cases[1] because it is plain from the petition and attached memorandum that Klapesky is not entitled to relief.

---

[1] The Rules Governing Section 2254 Cases may also be applied to a § 2241 petition. Rule 1(b). A court may dismiss a petition before service under the screening provisions of Rule 4. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

I. **DISCUSSION**

In his petition and attached memorandum of law, Klapesky contends that, liberally construed, he is entitled to release under a combination of the Texas parole laws and mandatory supervision program and, therefore, he is not being held pursuant to a state judgment. (D.E. 1 at 6-7; D.E. 2 at 1-6). Although his argument is somewhat hard to follow, he focuses on the following points of Texas law. Klapesky contends that the one-half rule in the Texas parole laws[2] rendered his life sentence for murder into one 30-year sentence to be served in prison and a second sentence of the remainder to be served on parole. (D.E. 2 at 1-4). Klapesky contends that his combined calendar time served and earned good-time credits now exceed 30 years and that his sentence of imprisonment has ceased to operate. (*Id.* at 2-3). Further, although Klapesky recognizes that parole is discretionary, he contends that the Texas mandatory supervision program was an *ex post facto* law that retroactively lengthened his sentence beyond 30 years. (*Id.* at 4). Klapesky concedes that, due to the nature of his conviction, he is ineligible for mandatory supervision, but contends that a parole panel was required to make a finding under Tex. Gov't Code § 508.149(b) before 30 years of combined flat-time and good-time elapsed. (*Id.* at 4-6). Because no such finding was made, Klapesky contends he is entitled to be released immediately. (*Id.* at 5-6).

Klapesky's argument is founded on several incorrect assumptions about the Texas parole and mandatory supervision laws. First, Klapesky centers his argument on the presumption that the Texas parole statutes rendered his life sentence into one 30-year

---

[2] Tex. Gov't Code § 508.145(d)(2).

sentence to be served in prison and a separate sentence to be served on parole. (D.E. 2 at 2, 4). However, as belied by his later acknowledgment that parole is discretionary, Texas offenders are not entitled to parole, and the parole statutes do not operate the way Klapesky contends. States have no duty to establish a parole system and a prisoner has no constitutional right to be released before the expiration of his sentence. *Greenholtz v. Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). There is no constitutional expectation of parole in Texas. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Thus, the Texas parole statutes do not confer a liberty interest protected by due process. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). Because Klapesky had no constitutional expectation of parole and no constitutionally protected liberty interest in obtaining parole, the statutes at issue could not have split his life sentence in two, with some amount guaranteed to be served on parole. *See Greenholtz*, 442 U.S. at 7.

Through his concession that parole is discretionary, Klapesky acknowledges that he does not have an expectation of parole, but at this point pivots his argument to the mandatory supervision program. In Texas, some inmates are entitled to early release under a mandatory supervision program in which a prisoner sentenced to the institutional division can serve the remainder of his term outside the prison, not on parole, but under the supervision and control of the pardons and paroles division. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (citing Tex. Code Crim. P. art. 42.18 § 2(2)).[3] Prisoners earn good time credits that are added to their actual days served in prison to calculate

---

[3] Currently located at Tex. Gov't Code § 508.001(5).

their release date.  Tex. Gov't Code § 508.147.  The Fifth Circuit has determined that prisoners have a constitutional expectation of early release under the mandatory supervision program and therefore have a liberty interest with respect to their good time. *Malchi*, 211 F.3d at 957-958.[4]  However, prisoners who commit certain offenses are excluded from eligibility for mandatory supervision.  *See* Tex. Gov't Code § 508.149(a) (listing offenses that render an inmate ineligible for release to mandatory supervision). Murder, in violation of Tex. Penal Code § 19.02, is an excluded offense.  *Id.* § 508.149(a)(2).

Klapesky concedes that he is ineligible for mandatory supervision.  (D.E. 2 at 4). This concession is correct, as his conviction for murder disqualifies him from mandatory supervision under Tex. Gov't Code § 508.149(a)(2).  Instead, Klapesky argues that a parole panel was required to make a finding under § 508.149(b).  (D.E. 2 at 4-6). However, that section applies to inmates who otherwise would be eligible for mandatory supervision, but who a parole panel determines should not be released for some other reason.  *See* Tex. Gov't Code § 508.149(b).  This does not apply to Klapesky, who is ineligible for mandatory supervision by nature of his conviction under § 508.149(a). Klapesky also cites § 508.1411, which requires a parole panel to provide a written explanation any time it denies release on parole or mandatory supervision.  *See* Tex. Gov't Code § 508.1411.  Nonetheless, because Klapesky is not entitled to mandatory

---

[4] The Fifth Circuit's holding applied to a previous version of the Texas mandatory supervision program, which has since been amended.  *See Malchi*, 211 F.3d at 958.  The Fifth Circuit has concluded that prisoners have a protected liberty interest under the amended version as well.  *Teague v. Quarterman*, 482 F.3d 769, 776 (5th Cir. 2007).

release, he does not have a liberty interest in being released and does not have a federal constitutional claim cognizable under § 2241. *See* 28 U.S.C. § 2241(c)(3).

Finally, to the extent that Klapesky contends that the mandatory supervision program is an *ex post facto* law that lengthened his sentence after it was imposed, that is not the case. As Klapesky acknowledges, the state court sentenced him to life imprisonment. (*See* D.E. 2 at 1-2). That is the length his sentence remains, and the TDCJ records reflect this.[5] Klapesky has no constitutional right to be released and, thus, cannot obtain relief under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(c)(3).

## II. RECOMMENDATION

Accordingly, it is recommended that Klapesky's § 2241 petition (D.E. 1) be DISMISSED pursuant to the screening provisions in Rule 4 of the Rules Governing Section 2254 Cases. It is plain from the petition and attached memorandum that Klapesky is not entitled to relief.

Respectfully submitted this 16th day of June, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

---

[5] Release date information, along with parole eligibility, is available from the TDCJ by searching for an offender's name. *See* https://offender.tdcj.texas.gov/OffenderSearch.

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).